**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                               :
VICTOR GONZALEZ,               :     Civil No. 11-0995 (RMB)
                               :
          Plaintiff,           :
                               :              OPINION
     v.                        :
                               :
GABRIEL CAMARERO, et al.,      :
                               :
          Defendants.          :
_____:
```

**APPEARANCES:**

    VICTOR GONZALEZ, 246450, Plaintiff Pro Se
    Camden County Correctional Facility
    P.O. BOX 90431
    Camden, NJ 08101

**BUMB**, District Judge:

Plaintiff, Victor Gonzalez, a prisoner incarcerated at Camden County Correctional Facility in New Jersey, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. This Court will grant Plaintiff's application to proceed in forma pauperis and direct the Clerk to file the Complaint without prepayment of the filing fee. See 28 U.S.C. § 1915(a). Having reviewed Plaintiff's allegations, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the federal claims raised in the Complaint and decline to exercise supplemental jurisdiction over claims arising under state law.

## I.   BACKGROUND

Plaintiff asserts violation of his constitutional rights under 42 U.S.C. § 1983 by Gabriel Camarero and Jose Aparicio, who are Probation Officers in Hartford, Connecticut, Northampton County Prison, and Northampton County Courts.  Plaintiff asserts:

> On 7/11/2008 I was sentenced to 1 yr probation. On 2/5/10 I was violated against that 1 yr probation and served 1 yr in Northampton County Prison.  This was a violation of my Eighth and Fourteenth Amendment rights to due process of law which resulted in cruel and unusual punishment for my unlawful detainment.
>
> My assigned Probation Officer is Gabriel Camarero.  Northampton County courts had sent me an appointment for 8/11/2009.  I wanted to report to her that I had to leave the state to report to my appointment.  Instead of speaking to her I was given a substitute officer, Jose Aparicio.  I was told that I could not go to the assigned appointment in Northampton County.  Northampton County courts then put a failure to appear warrant against me.  I was sentenced to one year probation for a DUI charge on 7/11/2008.  I was arrested on 1/26/2010 for a separate charge which was later dropped.  On 2/5/2010 my one year probation was revoked and I was forced to serve one year in Northampton County Prison, even though I had completed my year of probation.  So in actuality I served two years instead of one.

(Dkt. 1 at 4, 7.)

For relief, Plaintiff seeks "restitution for my lost time due to my unlawful detainment.  Also I am seeking lost wages during my unlawful detainment and punitive damages and pain and suffering."  (Dkt. 1 at 8.)

## II.  STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against a government employee or entity, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

The pleading standard under Rule 8 was refined by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . .  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its

>judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
>In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1949 -1950 (citations omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

### III.  DISCUSSION

A.  Federal Claims

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

>Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the

4

> jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured
> by the Constitution and laws, shall be liable
> to the party injured in an action at law,
> suit in equity, or other proper proceeding
> for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Plaintiff's claim for damages because he served two years for revocation of probation when the sentence was only one year is barred because a favorable judgment on the claim would necessarily imply the invalidity of his incarceration. See Heck v. Humphrey, 512 U.S. 477 (1994). As the Supreme Court explained,

> We hold that, in order to recover damages for
> allegedly unconstitutional . . .
> imprisonment, . . . a § 1983 plaintiff must
> prove that the conviction or sentence has
> been reversed on direct appeal, expunged by
> executive order, declared invalid by a state
> tribunal authorized to make such
> determination, or called into question by a
> federal court's issuance of a writ of habeas
> corpus, 28 U.S.C. § 2254. A claim for
> damages bearing that relationship to a
> conviction or sentence that has not been so
> invalidated is not cognizable under § 1983.
> Thus, when a state prisoner seeks damages in
> a § 1983 suit, the district court must

> consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-487.

In this Complaint, Plaintiff contends that, although his term for violation of probation was one year, he was incarcerated for two years in violation of his constitutional rights. Were this Court to agree with Plaintiff that he has been imprisoned beyond his one-year term, this decision would necessarily imply that probation authorities or the prison incorrectly determined his release date or failed to timely release him. Because Plaintiff's incarceration beyond one year has not been invalidated by a state court or called into question by issuance of a writ of habeas corpus, Plaintiff's instant Complaint for damages based on the illegality of that incarceration is barred by Heck. See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) ("Heck specifies that a prisoner cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence") (emphasis in original); Glenn v. Pennsylvania Bd. of Probation and Parole, 410 Fed. App'x 424 (3d Cir. 2011) (holding that damages claim for incarceration beyond original sentence is barred by Heck). Because amending the Complaint would be futile, this Court will

dismiss the federal claims in the Complaint for failure to state a claim upon which relief may be granted.

B.  Claims Arising Under State Law

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"  Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental

jurisdiction over state claims. United Mine Workers v. Gibbs, 383 U.S. at 726; Growth Horizons, Inc., 983 F.2d at 1284-1285.

In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## IV.  CONCLUSION

The Court grants Plaintiff's application to file the Complaint pursuant to 28 U.S.C. § 1915(b), dismisses the federal claims for failure to state a claim upon which relief may be granted, and declines to exercise supplemental jurisdiction over claims arising under state law.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: August 19, 2011

8